NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4771
_____

CLARENCE JOHNSON,

Appellant

v.

JAMES WYNDER, JR., Superintendent;
THE DISTRICT ATTORNEY OF THE
COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 06-cv-04396)
District Judge:  Honorable Robert F. Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2010
_____

Before:  AMBRO, FISHER, and GREENBERG, <u>Circuit Judges</u>

(Opinion filed December 1, 2010)
_____

OPINION
_____

AMBRO, <u>Circuit Judge</u>

Petitioner-Appellant Clarence Johnson appeals the District Court's decision dismissing his petition for a writ of *habeas corpus* for lack of jurisdiction. For the reasons that follow we conclude that Johnson should be permitted to file a second *habeas* petition, and therefore remand for further proceedings.

## I. Background

This appeal stems from a 1988 Pennsylvania jury trial, in which Johnson was found guilty of having arranged the murder of John Philson, a doorman/lookout at an illegal lottery house. Following that trial, Johnson was found guilty of first degree murder, criminal conspiracy, and violation of the Pennsylvania Corrupt Organizations Act ("PACOA"). He was sentenced to life in prison on the murder charge, and concurrent sentences of five to ten years' imprisonment for each of the other charges. Of relevance to this appeal, the PACOA charge related solely to the operation of the lottery house, which was undisputedly an illegitimate enterprise.

Johnson unsuccessfully appealed his conviction, which became final on June 1, 1993. Johnson then filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA") in July 1993. That petition was denied in January 1997, and Johnson's appeal from that denial to the Pennsylvania Superior Court was rejected in March 1998. The Pennsylvania Supreme Court refused further review.

While the PCRA petition was pending, several relevant changes in the law took place. First, in 1995 Pennsylvania amended the PCRA to require that petitions under that statute be filed within the later of one year after the date a relevant conviction becomes final, or 60 days after particular triggering events (such as the discovery of new facts or

2

the announcement of a new, and retroactive, constitutional right).  42 Pa. Cons. Stat.

§ 9545(b)(1)-(2).  Second,  in *Commonwealth v. Besch*, the Supreme Court of

Pennsylvania held that the PACOA "does not encompass the prosecution of a wholly

illegitimate enterprise," such as the illegal drug ring at issue in that case.   544 A.2d 655,

661 (1996).

In June 1999, Johnson filed his first federal *habeas* petition in the District Court.

It raised a variety of claims, but did not argue that his PACOA conviction was improper

under *Besch*.  The petition was denied with prejudice in February 2000, and our Court

then declined to issue a certificate of appealability.[1]

In August 2004, Johnson filed a second PCRA petition in Pennsylvania state court.

It argued that, under *Besch*, Johnson's PACOA conviction was wrongful.  The Court of

Common Pleas rejected Johnson's PCRA petition as untimely in 2006.  The Pennsylvania

Superior Court echoed that conclusion on appeal, though it also noted that the substance

of the petition was "unquestionably meritorious."

In October 2006, Johnson filed another *habeas* petition with the District Court, in

which he argued that his PACOA conviction violated the Fifth, Eighth, and Fourteenth

Amendments to the United States Constitution because he was actually innocent of that

offense.  However, Johnson did so without seeking authorization from our Court.  The

District Court therefore concluded that it lacked subject matter jurisdiction over

Johnson's "second or successive" petition, 28 U.S.C. § 2244(b)(3).

---

[1] Johnson later moved in our Court for authorization to file a successive *habeas* petition, 28 U.S.C. § 2244(b)(3), but we refused authorization in April 2002.

3

In August 2007, we granted Johnson a certificate of appealability, and in September 2009 specified two issues to be briefed: 1) whether Johnson needed prior authorization to file his successive petition; and 2) whether his actual innocence claim ripened after *Besch* was decided in 1996 or whether it did not ripen until February 2007, when the Pennsylvania Supreme Court held in *Kendrick v. Dist. Att'y of Phila. Cty.*, 916 A.2d 529, 541 (Pa. 2007), that *Besch* did not establish a new rule of law, and therefore applied retroactively.

## II.    Discussion

Johnson's appointed counsel states that Johnson was "required to apply to [our] Court to obtain permission to file a second or successive habeas petition" under 28 U.S.C. §2244(b)(2), but that he failed to do so. However, we do not find the issue to be so clear. As the Commonwealth's counsel notes (with a candor we much appreciate), a subsequent *habeas* petition may not constitute a "second or successive" petition for purposes of 28 U.S.C. § 2244(b) when it raises an issue that was not yet ripe when the first petition was filed. Plainly, this exception implicates the second question posed in our certificate of appealability—whether Johnson's PACOA claim ripened when *Besch* was decided in 1996, or when *Kendrik* was decided in 2007. Accordingly, we will first address whether there is a ripeness exception to the requirements of § 2244(b), and then whether this case satisfies the requirements of that exception.

In *Panetti v. Quarterman*, the United States Supreme Court addressed the application of § 2244(b) to a prisoner's claim, advanced for the first time in a second *habeas* petition, that he was mentally incompetent to be executed under *Ford v.*

4

*Wainwright*, 477 U.S. 399 (1986). 551 U.S. 930, 938 (2007). The Court held that Panetti's petition was not "second or successive" for purposes of § 2244(b) because his *Ford* claim was not yet ripe when he filed his earlier *habeas* petition. *Id*. at 947. Thus, it refused to force prisoners to pursue the "empty formality" of filing unripe *Ford* claims with their first *habeas* petitions, reasoning that such a practice would "not conserve judicial resources, 'reduc[e] peacemeal litigation,' or 'streamlin[e] federal habeas proceedings.'" *Id*. at 946 (citing *Burton v. Stewart*, 549 U.S. 147, 154 (2007)).

We see no reason to avoid applying *Panetti* in the context of other types of claims that ripen only after an initial federal *habeas* petition has been filed. However, for the reasons that follow, we conclude that Johnson's PACOA claim was ripe when he filed his first federal *habeas* petition in June 1999.

At the outset, we note that, under Pennsylvania law as it stood in June 1999, it would have been difficult or impossible for Johnson to demonstrate his actual innocence of the PACOA charge.[2] However, that a legal argument is unlikely to succeed, or is even

---

[2] Soon after *Besch* was filed, the Pennsylvania legislature amended the PACOA to make clear that it applied to both legitimate and illegitimate enterprises. *Kendrick*, 916 A.2d at 534. Thereafter, the Pennsylvania Superior Court applied that amendment retroactively, holding that its effect had been to clarify that *Besch* had been incorrect all along. *Id*. at 535 (citing *Commonwealth v. Shaffer*, 696 A.2d 179, 186 (Pa. Super. Ct. 1997) (*Shaffer I*)). That was the state of the law until July 1999, when the Pennsylvania Supreme Court reversed *Shaffer I*, holding that the legislative amendment to the PACOA applied only prospectively. *Shaffer*, 734 A.2d at 843-44 (*Shaffer II*). Further, though the Pennsylvania Supreme Court in *Shaffer II* ultimately applied *Besch* retroactively, *see Shaffer I*, 696 A.2d at 180-81 (indicating that events that led to the conviction at issue in *Shaffer* occurred prior to 1996), it was not until *Kendrick* that it was clear that *Besch* simply clarified the meaning of the PACOA as initially drafted rather than stating a new rule of law. 916 A.2d at 535. Thus, when Johnson filed his federal *habeas* petition in June 1999, he may have been unable to demonstrate that the PACOA had been applied to

5

futile, does not make it unripe. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (noting that, if granted, a Fed. R. Civ. P. 60(b) motion based on "a purported change in the substantive law governing the claim" would improperly circumvent § 2244(b)'s requirement that successive claims be "precertified by the court of appeals"). In that regard, we note that *Kendrick* itself arose in the context of a federal *habeas* petition in which the petitioner argued that *Besch* should be applied retroactively. In response to that argument, we certified the *Besch* retroactivity question to the Pennsylvania Supreme Court, but we did not dismiss the petition as unripe. 916 A.2d at 531. Accordingly, we agree with the District Court that Johnson's 2006 *habeas* petition was a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b)(2), and therefore Johnson was required to seek leave from our Court before proceeding with that petition.[3]

However, we think that Johnson has met the requirements of 28 U.S.C. § 2244(b)(2)(B), and thus is entitled to file a second *habeas* petition raising his PACOA claim. As the Pennsylvania Superior Court has recognized, Johnson's claim that he was wrongfully convicted under the PACOA is "unquestionably meritorious." Further, the United States Supreme Court has held under similar factual circumstances that it is inconsistent with the Federal Due Process Clause for Pennsylvania to "convict [someone] for conduct that its criminal statute, as properly interpreted, does not prohibit." *Fiore v.*

---

him improperly.

[3] Anticipating that conclusion, Johnson argues that instead of dismissing his petition, the District Court was required to transfer it to this Court so that we could construe it as a motion to file a second or successive *habeas* petition and then rule on that motion. However, that question was not included in our certificate of appealability, and, in any event, it is not necessary to reach that issue.

6

*White*, 531 U.S. 225, 228-29 (2001) (observing that "conviction and continued incarceration" based on Pennsylvania courts' earlier misinterpretation of a criminal statute violated due process). Notably, Pennsylvania does not appear to disagree with this conclusion, as it has stated in its brief to our Court that "the Commonwealth would likely be amenable to a conditional grant of habeas relief, intended to vacate Johnson's conviction under the PACOA." Br. of Appellees at 27-28.

Accordingly, we hereby grant Johnson permission to proceed with his second *habeas* petition in the District Court and remand for further proceedings. In that regard, we note our decision in *McKeever v. Warden, SCI-Graterford*, 486 F.3d 81 (3d Cir. 2007)—another case involving an improper conviction under the PACOA as interpreted in *Besch*—in which we affirmed the District Court's decision to grant a writ of *habeas corpus* and then stay the grant for a period of 180 days so that the Commonwealth courts could vacate the PACOA conviction and resentence the defendant. *Id*. at 83.

\* \* \* \* \*

Accordingly, we vacate and remand so that Johnson may pursue his second federal *habeas* petition.