J-S37003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CLARENCE JOHNSON | |
| Appellant | No. 2306 EDA 2014 |

Appeal from the Judgment of Sentence March 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1103371-1988

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED JUNE 16, 2015**

Appellant, Clarence Johnson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following remand from the federal court with instructions to vacate only his conviction and sentence for corrupt organizations.  We dismiss the appeal.

The relevant facts and procedural history of this case are as follows. On May 25, 1990, a jury convicted Appellant of first-degree murder, corrupt organizations, and conspiracy,[1] in connection with the shooting death of Victim in retaliation for Victim's robbery of a gambling operation run by Appellant's co-defendant.  The court sentenced Appellant on March 22, 1991, to life imprisonment for murder, and five (5) to ten (10) years'

---

[1] 18 Pa.C.S.A. §§ 2502(a); 911; 903, respectively.

imprisonment for each of the remaining convictions, concurrent to each other but consecutive to the murder sentence. On October 22, 1992, this Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on March 3, 1993. *See Commonwealth v. Johnson*, 615 A.2d 1322 (Pa.Super. 1992), *appeal denied*, 533 Pa. 657, 625 A.2d 1191 (1993). Thereafter, Appellant unsuccessfully litigated two post-conviction collateral relief petitions in state court.

In 1999, Appellant filed a petition for writ of *habeas corpus* in federal court, which the court denied on February 16, 2000. On October 3, 2006, Appellant filed another petition for writ of *habeas corpus* in federal court, claiming his conviction and sentence for corrupt organizations were unlawful, based on the Supreme Court's decision in *Commonwealth v. Besch*, 544 Pa. 1, 674 A.2d 655 (1996) (holding corrupt organizations statute does not encompass prosecution of wholly illegitimate enterprise), *superseded by statute* at 18 Pa.C.S.A. § 911(h)(3) (as amended June 19, 1996). The federal district court initially dismissed the petition as successive; but on December 1, 2010, the Third Circuit reversed and remanded, permitting Appellant to file the second *habeas corpus* petition based on his claim under *Besch*. *See Johnson v. Wynder*, 408 Fed.Appx. 616 (3d Cir. 2010). Appellant subsequently filed an amended and supplemental amended petition in federal court. On November 12, 2013, the federal district court granted *habeas corpus* relief with respect to only Appellant's claim that his

conviction for corrupt organizations was unlawful. The federal court stayed execution of the writ for 180 days to permit the Commonwealth of Pennsylvania to vacate Appellant's corrupt organizations conviction and to resentence him accordingly. The federal court denied *habeas corpus* relief in all other respects. ***See Johnson v. Wingard***, 2013 WL 5988918 (E.D.Pa. November 12, 2013) (slip copy).

On March 10, 2014, in accordance with the federal court's directive, the trial court vacated only Appellant's conviction and sentence for corrupt organizations. The trial court did not alter Appellant's convictions or sentences for murder or conspiracy. On March 18, 2014, Appellant filed a post-sentence motion, which the court denied by operation of law on July 17, 2014. Appellant timely filed a notice of appeal on July 29, 2014. On August 4, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his Rule 1925(b) statement on August 15, 2014.

Appellant raises one issue for our review:

> WAS THE CONSECUTIVE SENTENCE IMPOSED BY THE TRIAL COURT ON THE CONSPIRACY OFFENSE UNJUST, IMPROPER, MANIFESTLY UNREASONABLE, IRRATIONAL, AND AN ABUSE OF DISCRETION WHEN THE TRIAL COURT IMPOSED A CONSECUTIVE PRISON SENTENCE FOR THE CONSPIRACY OFFENSE TO A SENTENCE FOR THE OFFENSE OF FIRST DEGREE MURDER WHICH REQUIRED THE IMPOSITION OF A LIFE SENTENCE WITHOUT PAROLE?

(Appellant's Brief at 2).

Preliminarily, we observe that a limited grant of relief for resentencing

does not entitle a defendant to litigate on appeal claims unrelated to the resentencing. *See Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa.Super. 2002) (stating "having been re-sentenced following remand, appellant could not file another direct appeal attacking his conviction; the only issues reviewable in a direct appeal would be challenges to the sentence imposed following remand"; dismissing appeal following remand for resentencing where appellant raised new issues on appeal challenging his conviction). In *Commonwealth v. McKeever*, 947 A.2d 782 (Pa.Super. 2008), this Court explained:

> Although [a]ppellant successfully challenged his corrupt organizations convictions and sentences…in federal court, the remainder of his convictions, each having a distinct sentence, were not disturbed by the Eastern District Court's grant of *habeas corpus* relief or by the trial court when it vacated the corrupt organizations sentences in its resentencing order. **Further, while it is correct that [a]ppellant had an absolute constitutional right to appeal his judgment of sentence entered after the Eastern District Court's grant of *habeas corpus* relief…in that direct appeal, he was permitted to raise issues pertaining only to the resentencing procedure itself**; his underlying claims of trial court error regarding his non-vacated convictions could not be addressed on direct appeal from re-sentencing.

*Id.* at 785-86 (internal footnote and citation omitted) (emphasis added) (holding appellant's non-vacated sentences became final on October 2, 1995, when appellant discontinued his direct appeal; federal court's subsequent grant of limited *habeas corpus* relief did not "reset clock" of finality of non-vacated sentences).

Instantly, the federal district court granted Appellant limited *habeas corpus* relief on November 12, 2013, and directed the trial court to vacate only Appellant's conviction and sentence for corrupt organizations. The federal district court denied *habeas corpus* relief in all other respects. In accordance with the federal court's directive, on March 10, 2014, the trial court vacated only Appellant's conviction and sentence for corrupt organizations. The trial court did not disturb Appellant's convictions or sentences for murder or conspiracy. Nevertheless, Appellant complains on appeal that the trial court's imposition of a consecutive sentence for conspiracy was unjust, improper, manifestly unreasonable, irrational, and an abuse of discretion. Because the trial court did not resentence Appellant on his conspiracy conviction following the federal court's remand, Appellant is precluded from challenging his conspiracy sentence in this appeal. ***See McKeever, supra***. Accordingly, we dismiss the appeal. ***See Anderson, supra***.

Appeal dismissed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2015