**COMMONWEALTH of Pennsylvania**

**v.**

**James Rerun ANDERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 28, 2002.

Filed June 24, 2002.

Shirley Novak, Pittsburgh, for appellant.

Michael W. Streily, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before: FORD ELLIOTT, BOWES, and POPOVICH, JJ.

FORD ELLIOTT, J.

¶ 1 This is a fairly straightforward case substantively but involves a procedural anomaly, which requires remand. Appellant is ostensibly filing a direct appeal *nunc pro tunc* from the judgment of sentence of ten to twenty years' incarceration following his convictions for aggravated indecent assault, statutory sexual assault, and indecent assault.[1] Appellant has, however, already had the benefit of a direct appeal from the judgment of sentence of ten years to life in prison, following the trial court's determination that appellant was a sexually violent predator pursuant to the Registration of Sexual Offenders Act ("Megan's Law"), 42 Pa.C.S.A. §§ 9791–9799.6.[2] On appeal, appellant raised eight issues concerning the constitutionality of his sentence as a sexually violent predator. By memorandum and order filed July 9, 1999, this court found appellant's sentence unconstitutional pursuant to *Commonwealth v. Halye,* 719 A.2d 763 (Pa.Super.1998) (*en banc*) (finding that Megan's Law violated procedural due process), *appeal denied,* 560 Pa. 699, 743 A.2d 916 (1999), *cert. denied,* 529 U.S. 1012, 120 S.Ct. 1287, 146 L.Ed.2d 233 (2000). As a result, this court vacated appellant's sentence and remanded for re-sentencing. *Commonwealth v. Anderson,* No. 12 Pittsburgh 1998, 742 A.2d 1139, unpublished memorandum at 3–4 (Pa.Super. filed July 9, 1999).

¶ 2 The sentencing court, the Honorable Raymond A. Novak, held a sentencing hearing and re-sentenced appellant to ten to twenty years' incarceration on September 10, 1999. A motion for reconsideration of sentence was filed and denied; however, no direct appeal was filed. Instead, appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546, on October 18, 1999, in which he raised various claims of trial counsel's ineffectiveness. Counsel was appointed to represent appellant and filed an amended PCRA petition on July 24, 2000, alleging claims of trial counsel's

---

1. 18 Pa.C.S.A. §§ 3125, 3122.1, and 3126, respectively. The victim of appellant's attacks was a 14–year–old girl who, with her brother, was left in appellant's care while their mother, appellant's neighbor, took her youngest daughter to the hospital to be treated for a severe asthma attack. After the victim's brother fell asleep, appellant fondled the victim's breasts, touched her vagina, and inserted his penis in her vagina. The victim testified that she waited several weeks to tell her mother about the attacks because she was afraid of appellant. (Notes of testimony, 10/1/97 at 48–61.)

2. Portions deleted, amended 2000, May 10, P.L. 74, No. 18, § 3, effective in 60 days; portions amended 2000, December 20, P.L. 811, No. 113, § 2, effective in 60 days.

ineffectiveness in failing to prepare an alibi defense and to call alibi witnesses. (R. at 39.)

¶ 3 In addition, however, PCRA counsel raised trial counsel's ineffectiveness in failing to file a direct appeal from appellant's September 10, 1999 judgment of sentence.[3] In response, the Commonwealth filed an answer in which it conceded that an evidentiary hearing might be necessary pursuant to *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999), to determine whether appellant requested that counsel file a direct appeal. (R. at 42.) Judge Novak therefore scheduled a PCRA hearing for November 13, 2000 limited to the issue whether defendant requested counsel to perfect a direct appeal and counsel failed to do so. (Order of court, 9/15/00, R. at 43.) On November 14, 2000, the PCRA court reinstated appellant's direct appeal rights "pursuant to the Post Conviction Relief Act and the consent of the Commonwealth[.]" (Order of court, 11/14/00, R. at 45.)

 ¶ 4 Appellant then timely filed the appeal from his September 10, 1999 judgment of sentence that is presently before us, in which he raises a single issue: "Whether trial counsel was ineffective for failing to subpoena and call witnesses to substantiate defendant's/appellant's alibi defense." (Appellant's brief at VI.). As noted *supra,* however, appellant has already had the benefit of a direct appeal, and at that time did not challenge his conviction on any basis, including counsel's ineffectiveness. Rather, the only issues he raised concerned the unconstitutionality of his sentence. Having succeeded on these issues and having been re-sentenced following remand, appellant could not file another direct appeal attacking his convic-

tion: the only issues reviewable in a direct appeal would be challenges to the sentence imposed following remand. *Cf. Lantzy, supra* at 216–217, 736 A.2d at 566, in which Lantzy, through circumstances beyond his control, had not had the benefit of *any* direct appeal. *See also Commonwealth v. Lewis,* 718 A.2d 1262, 1263 (Pa.Super.1998) (holding that where appellant, through no fault of his own, did not file a timely direct appeal, but did file a petition under the PCHA seeking permission to file a direct appeal *nunc pro tunc,* a second petition would be treated as a first petition for purposes of determining timeliness), *appeal denied,* 558 Pa. 629, 737 A.2d 1224 (1999).

¶ 5 Appellant's only avenue for relief on his ineffectiveness of counsel claims is therefore a collateral attack pursuant to the PCRA. The trial court appears to have recognized this fact in its Rule 1925(a) opinion, as it includes one of the requirements under the PCRA in its analysis of appellant's ineffectiveness issue. (Trial court opinion, 4/6/01 at 4.) The court also concludes that dismissal of appellant's PCRA petition was proper. (*Id.* at 6.) While this may be true, we are unable to locate in the record any evidence that the PCRA court held a hearing or otherwise addressed appellant's ineffectiveness issues as required by Pa.R.Crim.P. 908. Similarly, we cannot find in the record either a notice of the court's intention to dismiss the petition without a hearing, advising appellant of his right to respond within 20 days, as required by Pa. R.Crim.P. 907(1), or an order dismissing appellant's PCRA petition, advising appellant of his right to appeal from that order within 30 days, as required by Pa. R.Crim.P. 907(4). We therefore conclude

---

**3.** Appellant was represented by the Office of the Public Defender both at trial and during his "first" direct appeal; however, different

counsel from that office represented him during different stages of the proceedings.

that appellant did not have the benefit of the PCRA court's review of his ineffectiveness claims at a time when that court had jurisdiction to address any errors that may have occurred at trial.

¶ 6 We do not intend to exalt form over substance; however, because the anomaly in the procedural posture of this case affects this court's appellate review, we are constrained to dismiss this appeal and remand for proceedings consistent with the PCRA and this opinion.

¶ 7 Appeal dismissed. Case is remanded for proceedings consistent with the PCRA and this opinion. Jurisdiction is relinquished.

¶ 8 BOWES, J. files a Concurring and Dissenting Opinion.

BOWES, J., Concurring and Dissenting.

¶ 1 While I agree that Appellant's only avenue of relief was by means of the PCRA, I dissent from the majority's decision to remand this case.

¶ 2 The majority first remands due to the trial court's failure to conduct an evidentiary hearing on the ineffectiveness claim. A hearing is not required automatically on a claim of ineffectiveness; rather, to justify an evidentiary hearing with respect to assertions of ineffectiveness of trial counsel, an offer of proof must be made that provides sufficient facts upon which a reviewing court can conclude that trial counsel may have been ineffective. *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989); *Commonwealth v. Lott*, 398 Pa.Super. 573, 581 A.2d 612 (1990). Since there is not a sufficient offer of proof in this case upon which this Court, as the reviewing court, could conclude that counsel may have been ineffective, I do not believe that a hearing on the ineffectiveness claim is necessary.

¶ 3 The majority also remands since the trial court failed to issue a notice of its intent to dismiss the petition without a hearing. A hearing was conducted pertaining to whether Appellant requested counsel to file a direct appeal. Therefore, notice under Pa.R.Crim.P. 907(1) was not required.

¶ 4 Finally, the majority concludes a remand is necessary since the PCRA court did not review the ineffectiveness claim when it had jurisdiction to do so. We routinely review allegations of ineffective assistance of counsel raised for the first time on appeal. Furthermore, the trial court reviewed the claim in the context of the PCRA and concluded that it lacked merit. I agree with this conclusion.

¶ 5 In this case, Appellant claims that trial counsel was ineffective for failing to present two alibi witnesses, Gloria Montgomery and Appellant's son, Chester.

> To prevail on a claim of trial counsel's ineffectiveness to call a witness, the appellant must show: (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant.

*Commonwealth v. Burton*, 770 A.2d 771, 788 (Pa.Super.2001) (quoting *Commonwealth v. Farmer*, 758 A.2d 173, 179 (Pa.Super.2000)). "We will not grant relief based on an allegation that a certain witness may have testified in the absence of an affidavit to show that the witness would, in fact, testify." *Id.*

¶ 6 In this case, Appellant did not present affidavits, and no relief is due. The court concluded that the ineffectiveness claim was meritless, and it did so in accor-

dance with the standards applicable under the PCRA. Since I agree with this conclusion, a remand is an unnecessary expenditure of valuable judicial resources. Hence, I dissent.