J-S18001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JULMAL LEWIS, | |
| Appellant | No. 710 EDA 2013 |

Appeal from the Judgment of Sentence Entered October 26, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010116-2007

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 13, 2015**

Appellant, Julmal Lewis, appeals from the October 26, 2012 judgment of sentence imposed after he was granted partial relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546, and was resentenced to a term of 19½ to 39 years' incarceration.  On appeal, Appellant presents a challenge to the discretionary aspects of his sentence, as well as two claims of ineffective assistance of counsel.  After careful review, we affirm.

The trial court set forth the procedural history of this case, as follows:

From January 13, 2009 through January 21, 2009, Appellant was tried before … a jury.  The charges involved the April 28, 2007 shootings of Rasheen Johnson and Omar Ingram.  Rasheen Johnson died of his injuries. Omar Ingram survived.  On January 21, 2009, the jury found Appellant guilty of Voluntary Manslaughter, Aggravated Assault, Recklessly Endangering Another Person (REAP), Possession of an Instrument of Crime (PIC) and Firearms Not to Be Carried Without a License.  On March 9, 2009, this Court sentenced Appellant to an aggregate sentence of … []19½[] to [39] years[' imprisonment].

A direct appeal was taken to the Superior Court but discontinued. Appellant timely filed a [*pro se*] PCRA Petition. Subsequently[,] current counsel filed an Amended Petition. The Petition alleged two claims of ineffective assistance of counsel concerning trial issues and one claim of ineffective assistance of counsel concerning a sentencing issue.

PCRA Court Opinion (PCO), 4/23/14, at 1-2 (footnote omitted).

On April 5, 2012, the PCRA court issued an order denying Appellant's ineffectiveness claims regarding counsel's performance at trial, but granting his petition to the extent he challenged counsel's representation during his sentencing proceeding.[1] On October 26, 2012, the court resentenced Appellant to the same term of incarceration initially imposed. On October 31, 2012, Appellant filed a motion for reconsideration of his sentence, which the court denied on February 13, 2013. On March 5, 2013, Appellant filed a timely notice of appeal, stating that he was appealing "from the denial of Post Sentence Motions dated February 13, 2013." Notice of Appeal, 3/5/13. Appellant subsequently complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents three issues for our review:

> I. Is [] [A]ppellant entitled to post-conviction relief in the form of a new trial as a result of trial counsel's ineffective assistance of counsel for failing to request the trial court to instruct the jury that self-defense applied to both homicide and aggravated assault and/or object to the omission of such instructions in violation of [] [A]ppellant's rights

_____

[1] Specifically, the PCRA court determined that counsel was ineffective for failing to object to the court's using an improper prior record score at Appellant's initial sentencing proceeding.

- 2 -

under the Constitutions of the United States and Pennsylvania?

II. Is [] [A]ppellant entitled to post-conviction relief in the form of a new trial as a result of trial counsel's ineffective assistance of counsel for failing to request the trial court to instruct the jury concerning involuntary manslaughter and/or object to the omission of such an instruction in violation of [] [A]ppellant's rights under the Constitutions of the United States and Pennsylvania?

III. Is [] [A]ppellant entitled to a remand for resentencing since the sentence imposed is excessive, unreasonable and not reflective of [] [A]ppellant's character, history and condition in violation of [] [A]ppellant's rights under the Constitutions of the United States and Pennsylvania?

Appellant's Brief at 4.

Initially, we are unable to review Appellant's ineffective assistance of counsel claims, as this is a direct appeal from the judgment of sentence imposed at his resentencing proceeding. Consequently, the only issues reviewable in this appeal are "challenges to the sentence imposed following remand."[2] **Commonwealth v. Anderson**, 801 A.2d 1264, 1266 (Pa. Super. 2002). Accordingly, we will only review Appellant's claim that the sentence imposed by the trial court upon resentencing is "excessive, unreasonable and not reflective of [] A]ppellant's character, history and condition…." Appellant's Brief at 44. This claim constitutes a challenge to

_____

[2] We acknowledge that the question of the finality of a PCRA court's order granting resentencing and denying other collateral claims is pending before an upcoming *en banc* panel of this Court. **See Commonwealth v. Gaines**, No. 1497 EDA 2013 (petition for reargument *en banc* granted September 22, 2014).

the discretionary aspects of Appellant's sentence. *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence.").

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's [Pa.R.A.P.] 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits.

*Id.* at 886-87 (citations, quotation marks and footnote omitted; emphasis in original).

Here, Appellant has included a Rule 2119(f) statement in his brief to this Court. Therein, he first asserts that his sentence is manifestly excessive because the court imposed his sentences to run consecutively, without properly considering "the history, character and condition of [] [A]ppellant." Appellant's Brief at 20. Appellant does not elaborate on what aspects of his

history, character, and 'condition' the court failed to weigh. Accordingly, this claim does not raise a substantial question for our review. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) (stating "a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question") (citing ***Commonwealth v. Moury***, 992 A.2d 162, 171-172 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.")). Likewise, Appellant's assertion in his Rule 2119(f) statement that the court "failed to consider or give adequate weight to the fact that [] [A]ppellant was married and had an infant daughter" is essentially a claim that the court did not properly weigh mitigating factors, and does not present a substantial question for our review. ***Commonwealth v. Lewis***, 911 A.2d 558, 567 (Pa. Super. 2006) ("A claim that a sentencing court failed to consider certain mitigating factors does not raise a substantial question that the sentence is inappropriate.") (citations omitted).

Appellant also contends in his Rule 2119(f) statement that the court based his sentence solely on "the nature and circumstances of the crime and [his] prior record score[,]" and that the "court failed to state sufficient reasons for imposing the maximum sentence allowed by law." Appellant's

Brief at 20. We conclude that these assertions present substantial questions for our review. *See Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (stating that a claim that the sentencing court focused solely on the gravity of the offense presents a substantial question for our review); *Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa. Super. 2003) (declaring that a claim that the sentencing court failed to state sufficient reasons for the sentence imposed raises a substantial question). However, for the following reasons, they are meritless.

"In imposing a defendant's sentence, the trial court must state the reasons for the sentence on the record. As long as the trial court's reasons demonstrate that it weighed the Sentencing Guidelines with the facts of the crime and the defendant's character in a meaningful fashion, the court's sentence should not be disturbed." *Commonwealth v. Begley*, 780 A.2d 605, 643 (Pa. 2001). Here, at Appellant's initial sentencing proceeding on March 9, 2009, the court began by stating that it "reviewed both the presentence and the psych report, [and] the letters from the family…." N.T., 3/9/09, at 29. The court then emphasized that Appellant did not take "any responsibility for [his] actions and [his] participation that day in having a gun out there." *Id.* at 30. The court also declared that it considered "the length of [Appellant's] record of violence, his disregard for the danger to the community, his total lack of remorse, the fact of his multiple arrests while on probation, his federal parole, and the fact that he was in an area where

there were children, families and individuals and his actions … disregarded all of those things." *Id.* at 31. While the court acknowledged that Appellant has a wife and child, it emphasized that he chose "to resolve an issue [he] had with another individual by using a gun, by shooting innocent people and by causing this kind of devastation." *Id.* at 33.[3]

Based on this record, we reject Appellant's assertion that the court relied solely on the nature of his offenses and his prior record. We also disagree with Appellant's claim that the court failed to state adequate reasons on the record for the sentence it imposed. Therefore, Appellant's argument on appeal does not convince us that the court abused its discretion in fashioning his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2015

---

[3] At Appellant's resentencing proceeding on October 26, 2012, the court "incorporate[d] … the things [it] said" at Appellant's initial sentencing proceeding and imposed an identical sentence upon Appellant. N.T., 10/26/12, at 24.