J-S43026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEITH WALTER SAWYER | |
| Appellant | No. 1981 MDA 2015 |

Appeal from the Judgment of Sentence October 21, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004317-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 19, 2016**

Appellant, Keith Walter Sawyer, appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Dauphin County. We affirm.

The relevant factual and procedural history is as follows. On December 15, 2012, a sixteen-year-old girl, B.B., was traveling by bus from Indianapolis to Hazleton. During a stop in Harrisburg, B.B. left the bus station to smoke a cigarette. Sawyer approached B.B. and started a conversation. B.B. told Sawyer that she was hungry, and Sawyer offered to drive B.B. to a gas station so that she could buy food. B.B. accepted the offer and entered Sawyer's vehicle.

Sawyer subsequently drove B.B. to a secluded parking lot under a nearby bridge. Sawyer told B.B. to have sex with him, or else he would not

drive her back to the station in time for her to catch the bus to Hazleton. As Sawyer began to pull down B.B.'s pants, State Capitol Police Sergeant Michael Schmidt, who was on routine patrol at the time, arrived at the scene. Sawyer provided the birth certificate and Social Security card of another individual as his own identification.

A jury convicted Sawyer of kidnapping, unlawful contact with a minor, and false identification. Prior to sentencing, the Commonwealth provided notice of its intent to seek a mandatory minimum sentence under the "three strikes" provision of 42 Pa.C.S.A. § 9714(a)(2). Thereafter, the trial court imposed an aggregate sentence of 25 to 50 years' imprisonment, consisting of 25 to 50 years' imprisonment for kidnapping, 5 to 10 years' concurrent imprisonment for unlawful contact with a minor, and 1 to 2 years' concurrent imprisonment for false identification. The court imposed the kidnapping conviction pursuant to § 9714(a)(2).

Sawyer timely filed counseled post-sentence motions, arguing that the court imposed an illegal sentence above the statutory maximum for the false identification conviction. Sawyer also claimed the verdict was against the weight of the evidence. Before the court ruled on the counseled post-sentence motions, Sawyer filed a request to proceed *pro se*. The court conducted a hearing, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Following the hearing, the court determined that Sawyer's waiver of counsel was knowing, voluntary, and intelligent, and it permitted trial counsel to withdraw. On the same day of the **Grazier** hearing, the court

issued an amended sentencing order, modifying Sawyer's sentence for the false identification conviction to 6 to 12 months' imprisonment. The court did not alter Sawyer's remaining sentences, and it did not rule on the weight claim from the counseled post-sentence motions.

Thereafter, Sawyer filed a *pro se* amendment to his counseled post-sentence motions. In the *pro se* amendment, Sawyer included claims regarding subject matter jurisdiction, due process violations, defects in the pretrial proceedings and charging instruments, Rule 600, the legality of the mandatory minimum sentence, and the sufficiency of the evidence supporting the convictions. The court subsequently granted Sawyer's post-sentence motions in part. Specifically, the court determined that Sawyer had not committed two prior crimes of violence to support the imposition of a "third strike" sentence under § 9714(a)(2); instead, Sawyer had committed only one prior crime of violence. Thus, the court vacated Sawyer's sentence for kidnapping and resentenced him to a mandatory term of 120 months' imprisonment, pursuant to § 9714(a)(1).[1] The court did not alter Sawyer's

_____

[1] In the trial court's opinion and order granting the post-sentence motions in part, the court initially states that it had resentenced Sawyer "pursuant to [§] 9714(a) to a term of 120-*240* months of incarceration in a State Correctional Institute at Count 1." (Trial Court Memorandum Opinion and Order, filed August 6, 2014, at 13) (emphasis added). Nevertheless, the court later states that it resentenced Sawyer "to a term of 120-*140* months [of] incarceration in a State Correctional Institute at Count 1." ***Id***., at 14 (emphasis added). Further, the relevant docket entry states: "The court … resentences [Appellant] to a term of 120-*140* months [of] incarceration in a
*(Footnote Continued Next Page)*

- 3 -

remaining sentences, and it denied relief on all other claims raised in the counseled and *pro se* post-sentence motions.

Sawyer subsequently filed a timely direct appeal. In his appeal, Sawyer included claims regarding weight of the evidence, subject matter jurisdiction, due process violations, Rule 600, defects in the pretrial proceedings and charging instruments, and the legality of the mandatory minimum sentence imposed pursuant to § 9714(a)(1). This Court, in its memorandum decision at **Commonwealth v. Sawyer**, 1530 MDA 2014, at 13-14 (Pa. Super. filed April 22, 2015) (unpublished memorandum), affirmed the convictions, but vacated the judgment of sentence based on the fact that it was illegal, since the maximum sentence of 140 months did not equal twice the minimum sentence of 120 months, and remanded for resentencing. Sawyer subsequently filed a motion for reconsideration, which this Court denied. Thereafter, pursuant to this Court's directive, the trial court resentenced Sawyer to 120 to 240 months' imprisonment. This timely appeal followed.

On appeal, Sawyer raises seven issues for our review. In his first issue, Sawyer argues that there was insufficient evidence to support his kidnapping and unlawful contact with a minor convictions. In his second issue, Sawyer alleges that the trial court erred by allowing the prosecution to

*(Footnote Continued)* ───────────────

State Correctional Institute at Count 1." (Criminal Docket Entries, printed 1/13/16, at 10) (emphasis added).

submit falsified documents, introduce perjured evidence, and destroy exculpatory evidence. In his third issue, Sawyer argues that the trial court imposed an illegal sentence when it resentenced him to a mandatory minimum under § 9714(a)(1). In his fourth issue, Sawyer argues that the trial court erred in determining that it had subject matter jurisdiction over his claim. In his fifth issue, Sawyer asserts that the trial court erred in allowing the Commonwealth to present charges at trial that were not presented at the preliminary hearing, or at any other formal arraignment prior to trial. In his sixth issue, Sawyer alleges a Rule 600 violation. In his seventh and final issue, Sawyer argues that his due process rights were violated when the Commonwealth delayed in bringing charges against him.

We begin by noting that since Sawyer is on direct appeal following remand for the limited purpose of correcting an illegal sentence, we may not reach the merits of his first, second, fourth, fifth, sixth, and seventh issue. *See Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. 2002) (on direct review following remand for resentencing, the only issues subject to appellate scrutiny are challenges to the sentence imposed on remand); *Commonwealth v. Lawson*, 789 A.2d 252, 253 (Pa. Super. 2001) (stating that "where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed"). Thus, Sawyer's third issue is the only remaining claim left for us to consider.

In his third issue, Sawyer argues that the trial court imposed an illegal sentence and violated his double jeopardy and due process rights when it

resentenced him "for the third time" under § 9714. Appellant's Brief, at 5. Sawyer contends that Pennsylvania law only allows for "one shot" under the statute. *Id*. He further argues that the Commonwealth never proved § 9714 applies to his case. *See id*. Finally, Sawyer contends that his sentence is illegal based upon the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013).[2] *See id*., at 5-6.

Before we may consider Sawyer's arguments, however, we must first determine whether the law of the case doctrine precludes our review. "The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Commonwealth v. Fears*, 86 A.3d 795, 816 n. 23 (Pa. 2014) (citation and internal quotations omitted). "Among the related but distinct rules which make up the law of the case doctrine are that: … (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court…." *Commonwealth v. Viglione*, 842 A.2d 454, 461-62 (Pa. Super. 2004) (*en banc*) (citation omitted).

---

[2] In *Alleyne*, the United States Supreme Court held that any fact, other than a prior conviction, that triggers application of a mandatory minimum sentence must be proven beyond a reasonable doubt before the factfinder. *See id*., at 2155.

This Court previously determined that Sawyer's kidnapping conviction constituted a crime of violence under § 9714. **See Sawyer**, 1530 MDA 2014, at 13. This Court also determined that Sawyer's prior conviction for robbery constituted a crime of violence; thus, the mandatory minimum imposed pursuant to § 9714 was proper. **See id**. Additionally, this Court noted that **Alleyne** was inapplicable to Sawyer's case, since its holding does not apply to mandatory minimum sentences imposed based on the fact of a prior conviction. **See id**. Thus, because this Court previously determined that Sawyer was properly sentenced under § 9714, the law of the case doctrine precludes us from revisiting this issue.[3] **See Viglione**, 842 A.2d at 462.

Based on the foregoing, we conclude that none of Sawyer's issues merit relief. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2016

---

[3] We need not address Sawyer's due process or double jeopardy claims because he failed to raise them in his post-sentence motions. As such, they are waived. **See** Pa.R.A.P. 302(a) (issues not raised in the trial court are waived and cannot be heard for the first time on appeal).