J. S36038/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
HECTOR SUAREZ, : No. 3839 EDA 2016
:
Appellant :

Appeal from the Judgment of Sentence, November 10, 2016,
in the Court of Common Pleas of Monroe County
Criminal Division at No. CP-45-CR-0000523-2014

BEFORE: PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JULY 24, 2017**

Hector Suarez appeals from the November 10, 2016 aggregate judgment of sentence of 36 to 120 months' imprisonment imposed after a panel of this court remanded this matter for resentencing on appellant's convictions for indecent assault, endangering the welfare of children ("EWOC"), and corruption of minors.[1] After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case are as follows. Appellant was charged at two separate criminal informations with multiple crimes following accusations by his eleven-year-old granddaughter, N.D., that appellant had licked and touched her "private part" on numerous

_____

[1] 18 Pa.C.S.A. §§ 3126, 4304, and 6301, respectively.

occasions. (**See** trial court opinion, 5/15/15 at 1-2, 4.) Specifically, the criminal information filed at No. CP-45-CR-0000523-2014 referred to the period between May 1 and September 7, 2013, and set forth the following charges: two counts of criminal attempt, four counts of aggravated indecent assault, indecent assault, EWOC, and corruption of minors.[2] The criminal information filed at No. CP-45-CR-00001814-2014 referred to the period between November 1, 2012 and March 12, 2013, and set forth the following charges: unlawful contact with a minor,[3] indecent assault, EWOC, and corruption of minors.

These two cases were consolidated, and appellant proceeded to a jury trial on October 29, 2014. As we recognized in our prior memorandum, the verdict sheet did not indicate that appellant was charged with multiple counts of each crime, the date of any of the offenses, or the criminal information number corresponding to each offense. **See Commonwealth v. Suarez**, 2016 WL 5210886, at *1, 3 (Pa.Super. July 27, 2016) (unpublished memorandum). Rather, the record reveals that the verdict sheet listed only five charges for the jury's consideration: (1) aggravated indecent assault of a child; (2) indecent assault of a person less than 13 years of age; (3) EWOC; (4) corruption of minors; and (5) involuntary

---

[2] **Id.** §§ 901, 3125(a)(7) and (b), 3126(a)(7), 4304, and 6301(a)(1)(ii), respectively.

[3] **Id.** § 6318.

deviate sexual intercourse ("IDSI") with a child. (**Id.**; **see also** verdict sheet, 10/30/14.) Following a two-day trial, appellant was found guilty of indecent assault of a person less than 13 years of age, EWOC, and corruption of minors on October 30, 2014. The jury found appellant not guilty of aggravated indecent assault and IDSI.

On January 23, 2015, the trial court sentenced appellant to an aggregate term of 36 to 120 months' imprisonment. Specifically, at No. CP-45-CR-0000523-2014, the trial court sentenced appellant to concurrent terms of 18 to 60 months' imprisonment for indecent assault and corruption of minors, graded as third-degree felonies, and a consecutive term of 18 to 60 months' imprisonment for EWOC, also graded as a third-degree felony. At No. CP-45-CR-00001814-2014, the trial court imposed concurrent terms of 18 to 60 months' imprisonment for the convictions of indecent assault, EWOC, and corruption of minors, to be served concurrent to the aggregate sentence imposed at No. CP-45-CR-0000523-2014.

On July 27, 2016, a panel of this court vacated the judgment of sentence in its entirety on the basis "that the trial court erred in imposing two sentences for each guilty verdict" and remanded this matter for resentencing. As noted, on November 10, 2016, the trial court resentenced appellant at No. CP-45-CR-0000523-2014 to 18 to 60 months' imprisonment for EWOC and a consecutive term of 18 to 60 months' imprisonment for

corruption of minors. (**See** sentencing order, 11/10/16; certified record at 6.) Thus, appellant's aggregate judgment of sentence remained 36 to 120 months' imprisonment. On November 18, 2016, appellant filed a motion for reconsideration of sentence, which was denied by the trial court that same day. This timely appeal followed on December 14, 2016. On December 15, 2016, the trial court entered an order directing appellant to file a Pa.R.A.P. 1925(b) statement within 21 days. Appellant complied with the trial court's order and filed a timely Rule 1925(b) statement on January 4, 2017. Thereafter, on January 10, 2017, the trial court filed its comprehensive Rule 1925(a) opinion.

Appellant raises the following issues for our review:

I.  Did the trial court abuse its discretion by grading the indecent assault person less than 13 years of age and endangering the welfare of a child as felonies of the third degree finding there was a course of conduct when there were two distinct acts that were alleged to occur a significant time apart but only one of the acts was for this case?

II. Did the trial court abuse its discretion by allowing the charges to proceed under a course of conduct?

III. Did the trial court abuse its discretion in sentencing [appellant] to consecutive sentences for each of the charges as the conviction for both charges all relate to the same instance; the sentences should have been run concurrent, by making the sentences consecutive the sentence is clearly unreasonable under the circumstances?

IV.   Did the trial court abuse its discretion by not setting aside the verdict to all counts where it was against the weight of the evidence for a felony conviction for course of conduct?

V.   Did the trial court abuse its discretion by not setting aside the verdict to all counts where it was against the sufficiency of the evidence for a felony conviction for course of conduct?

Appellant's brief at 5.  For the ease of our discussion, some of appellant's issues will be addressed simultaneously and/or in a slightly different order than presented in his brief.

Preliminarily, we note that any challenge to the trial court's purported sentence for the crime of indecent assault person less than 13 years of age is moot, as our review of the November 10, 2016 sentencing order reveals that the trial court imposed no sentence with respect to indecent assault at No. CP-45-CR-0000523-2014.  Moreover, to the extent that appellant argues that his sentence is improper because the trial court imposed consecutive sentences, we find that appellant is not entitled to relief.  This court has long recognized that bald excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review. **See Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa.Super. 2015) (**en banc**) (stating, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[]"), **appeal denied**, 126 A.3d 1282 (Pa. 2015); **see also**

***Commonwealth v. Ahmad***, 961 A.2d 884 (Pa.Super. 2008); ***Commonwealth v. Pass***, 914 A.2d 442 (Pa.Super. 2006).

Appellant further argues that the trial court abused its discretion in sentencing him to consecutive sentences for EWOC and corruption of minors, "as the conviction for both charges relate to the same instance[.]" (Appellant's brief at 14.) In support of this claim, appellant maintains that "the sentences should have been run concurrent [and] by making the sentences consecutive the sentence is clearly unreasonable under the circumstances." (***Id.***)

Upon review, we note that a prior panel of this court addressed this identical sentencing claim in appellant's initial appeal and concluded that it lacks merit. ***See Commonwealth v. Suarez***, 2016 WL 5210886, at *7-8 (Pa.Super. July 27, 2016) (unpublished memorandum). Accordingly, we adopt the reasoning as set forth in our prior memorandum with respect to the resentence.

Appellant further argues that the trial court erred in grading each offense for which he was convicted as a third-degree felony, based upon a "course of conduct." (Appellant's brief at 9-13.) In a related argument, appellant contends that there was insufficient evidence to establish a continuing "course of conduct" necessary to sustain his convictions for EWOC and corruption of minors. (***Id.*** at 17-18.) Appellant further avers that the

verdict "was against the weight of the evidence for a felony conviction for course of conduct[.]" (***Id.*** at 16.)

Our review indicates that all three of these arguments were comprehensively addressed in this court's prior memorandum. ***See Commonwealth v. Suarez***, 12016 WL 5210886 (Pa.Super. 2016) (unpublished memorandum at *3-5, 8). With respect to the sentencing claim presented by appellant's "course of conduct" argument, we find that the trial court's grading of appellant's offenses as third-degree felonies was entirely proper and the trial court did not abuse its discretion in this regard. Moreover, to the extent appellant raises sufficiency and weight claims in relation to his "course of conduct" argument, we note that this court has long recognized that a limited grant of relief for resentencing does not entitle appellant to litigate on appeal claims unrelated to the resentencing. ***See Commonwealth v. Anderson***, 801 A.2d 1264 (Pa.Super. 2002) (dismissing an appeal following remand for resentencing where an appellant raised new issues on appeal challenging his conviction). In reaching this decision, the ***Anderson*** court reasoned that, "having been re-sentenced following remand, appellant could not file another direct appeal attacking his conviction; the only issues reviewable in a direct appeal would be challenges to the sentence imposed following remand." ***Id.*** at 1266. Accordingly, appellant's sufficiency and weight of the evidence claims are not before this court and may not be addressed.

For all the forgoing reasons, we affirm the November 10, 2016 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2017