J-S75023-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD FRANKLIN MCCABE | : | |
| | : | |
| Appellant | : | No. 575 WDA 2017 |

Appeal from the Judgment of Sentence November 15, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0003148-2014

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                                   FILED APRIL 10, 2018

Chad Franklin McCabe appeals from the judgment of sentence imposed on November 15, 2016, in the Court of Common Pleas of Westmoreland County, following resentencing. McCabe was found guilty by a jury of indecent assault and criminal attempt, and was sentenced to two years' intensive supervision with six months' home electronic monitoring, followed by a one-year term of probation.[1] As a result of McCabe's direct appeal, this Court vacated the judgment of sentence and remanded to the trial court for resentencing. Specifically, this Court, sua sponte, found that McCabe's sentence was illegal as the conviction for attempted indecent assault merged

_____

[1] 18 Pa.C.S. §§ 3126(a)(7) (misdemeanor of the first degree), and 901(a) (misdemeanor of the first degree).

with the conviction for indecent assault for purposes of sentencing. [2] On November 15, 2016, the trial court sentenced McCabe to two years' intensive supervision with six months' home electronic monitoring for indecent assault, and merged the conviction for attempt with the indecent assault conviction. McCabe contends: (1) the trial court erred in excluding evidence of the full interview of McCabe, including references to a polygraph examination, (2) the evidence was insufficient to sustain the conviction for indecent assault, and (3) the evidence was insufficient to sustain the conviction for attempted indecent assault. See McCabe's Brief at 5. Based upon the following, we affirm.

The parties are well acquainted with the facts and procedural history of this case, which are set forth in the trial court's opinion, filed with the order denying McCabe's post-trial motions. See Trial Court Opinion, 3/8/2017, at 1-2. Therefore, we do not restate the background of this case.

The issues raised in this appeal are the same issues McCabe raised in his prior direct appeal. In that appeal, this Court found (1) McCabe's evidentiary claim warranted no relief, (2) McCabe's challenge to the sufficiency of the evidence to sustain his indecent assault conviction was actually a weight claim that was waived for failure to raise the issue in the trial court and, in any event, was meritless, and (3) McCabe's sufficiency challenge to his

_____

[2] Commonwealth v. McCabe, 158 A.3d 187 (Pa. Super. 2016) (unpublished memorandum).

- 2 -

conviction for attempted indecent assault was waived for failure to include the issue in his Pa.R.A.P. 1925(b) concise statement and present adequate argument in his brief and, even if properly preserved, would not merit relief. Commonwealth v. McCabe, 158 A.3d 187 (Pa. Super. 2016) (unpublished memorandum).

Based on our review, we agree with the Commonwealth that McCabe cannot raise the issues that he now attempts to raise in this appeal. This Court has explained: "Because Appellant had the benefit of a direct appeal, he is barred from raising any issues other than a challenge to the sentence imposed on remand." Commonwealth v. Williams, 151 A.3d 621, 625 (Pa. Super 2016), citing Commonwealth v. Anderson, 801 A.2d 1264, 1266 (Pa. Super. 2002). See also Commonwealth v. Lawson, 789 A.2d 252, 253 (Pa. Super. 2001) (explaining that, "where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed") (citation omitted). Here, the only issue before the trial court on remand was the proper resentencing of McCabe to correct the merger error identified by this Court. As McCabe now raises no issue regarding that resentencing, he presents no basis for appellate relief.[3]

_____

[3] Furthermore, as the Commonwealth states in its brief, the "law of the case" doctrine applies to McCabe's claims raised in this appeal. The law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier

Judgment of sentence affirmed.

Judgment Entered.

*Joseph D. Seletyn* (signature)

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2018

_____

phases of the matter." Commonwealth v Starr, 664 A.2d 1326, 1331 (Pa. 1995). "Among the related but distinct rules which make up the law of the case doctrine are that: ... (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court...." Id. In this regard, this Court's rejection of the merits of McCabe's evidentiary claim, and the "even if" rejection of the merits of McCabe's weight and sufficiency claims constitute the law of the case. See Commonwealth v. Reed, 971 A.2d 1216, 1220 (Pa. 2009) ("[W]here a decision rests on two or more grounds equally valid, none may be relegated to the inferior status of obiter dictum."). Therefore, the rulings of this Court in McCabe's prior appeal cannot be revisited by this Court.