J-S82021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARIF HOOKER | : | |
| | : | |
| Appellant | : | No. 3833 EDA 2017 |

Appeal from the Judgment of Sentence November 9, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001279-2007

BEFORE: LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 22, 2019**

Appellant, Sharif Hooker, appeals from the judgment of sentence entered on November 9, 2017. We affirm.

In 2008, a jury found Appellant guilty of three counts of aggravated assault, three counts of attempted murder, and one count each of criminal conspiracy, robbery, and kidnapping.[1] On June 26, 2008, the trial court sentenced Appellant to serve an aggregate term of 20 to 40 years in prison for his convictions.

Appellant filed a timely notice of appeal and, during this direct appeal, Appellant's counsel filed a petition for leave to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). On September 12, 2011, we granted

---

[1] 18 Pa.C.S.A. §§ 2702(a), 901(a), 903(a)(1), 3701(a)(1)(ii), and 2901(a)(2), respectively.

---

* Retired Senior Judge assigned to the Superior Court.

counsel's petition for leave to withdraw and affirmed Appellant's judgment of sentence. **Commonwealth v. Hooker**, 34 A.3d 220 (Pa. Super. 2011) (unpublished memorandum) at 1-14.

Following our original affirmance, Appellant filed a petition under the Post Conviction Relief Act ("PCRA") and claimed that his direct appellate counsel failed to provide him with the requisite notice that counsel was going to file a petition for leave to withdraw or an **Anders** brief in the Superior Court. Appellant thus requested that the PCRA court reinstate his direct appellate rights *nunc pro tunc*. Appellant's Amended PCRA Petition, 5/8/15, at 1-2. On February 18, 2016, the PCRA court granted Appellant relief and reinstated Appellant's direct appeal rights *nunc pro tunc*. PCRA Court Order, 2/18/16, at 1.

Appellant filed a timely appeal to this Court and claimed, among other things: 1) that the evidence was insufficient to support his convictions, and 2) that his sentence was illegal because the trial court sentenced him to unconstitutional mandatory minimum sentences on some of his convictions and failed to merge his attempted murder and aggravated assault convictions at sentencing. **See Commonwealth v. Hooker**, 170 A.3d 1244 (Pa. Super. 2017) (unpublished memorandum) at 1-13. We concluded that Appellant's sufficiency of the evidence claims failed, but that Appellant was entitled to relief on the two, above-mentioned illegal sentencing claims. **Id.** Therefore, on May 23, 2017, we affirmed Appellant's convictions but vacated Appellant's judgment of sentence and remanded for resentencing. **Id.**

On November 9, 2017, the trial court resentenced Appellant to serve an aggregate term of 20 to 40 years in prison for his convictions. Appellant did not file a post-sentence motion; however, Appellant filed a notice of appeal. Appellant raises three claims on appeal:

[1.] Was the evidence insufficient to establish [the] finding of the jury that two of the complainants suffered serious bodily injury when the evidence only showed that one complainant received [ten] to 15 stitches in her ear and another complainant was shot in the thigh?

[2.] Is [Appellant] entitled to a new sentenc[ing] hearing when the trial court imposed a sentence of 20 to 40 years in prison at the re-sentencing hearing the same sentence that was imposed at the original sentencing which does not take into consideration [Appellant's] good behavior in prison for 12 years while serving the sentence?

[3.] Is the sentence imposed at resentencing illegal because the trial court did not order credit for time served in the resentencing order when [Appellant] has spent over 11 years in custody prior to the resentencing serving his sentence in this case?

Appellant's Brief at 2.

Appellant first claims that the evidence was insufficient to support his convictions. Yet, since Appellant is on direct appeal following remand for the limited purpose of resentencing, we may not reach the merits of Appellant's challenge to his underlying convictions. *Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. 2002) (on direct review following remand for resentencing, the only issues subject to appellate scrutiny are challenges to the sentence imposed on remand); *Commonwealth v. Lawson*, 789 A.2d 252, 253–254 (Pa. Super. 2001) ("where a case is remanded to resolve a

limited issue, only matters related to the issue on remand may be appealed"). Appellant's first claim thus fails, as it is unreviewable.

Second, Appellant challenges the discretionary aspects of his sentence. **See** Appellant's Brief at 9. This claim is waived, as Appellant did not challenge the discretionary aspects of his sentence during the sentencing hearing or in a post-sentence motion. **See** Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived"); **see also** N.T. Sentencing, 11/9/17, at 1-30.

Finally, Appellant claims that his sentence is illegal because the trial court's "re-sentencing order of [November 9, 2017] does not give him any credit for time served nor does it order credit for time served." Appellant's Brief at 11. This claim fails because the trial court's November 9, 2017 resentencing order explicitly declares: "Credit for time served: [Appellant] to receive credit for time already served on this matter." Sentencing Order, 11/9/17, at 1. Therefore, since the record belies Appellant's final claim on appeal, the claim fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/19