J-S42026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH JON PINER | : | |
| | : | |
| Appellant | : | No. 1457 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 1, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000675-2012

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED: JANUARY 17, 2023**

Appellant, Kenneth Jon Piner, appeals from the judgment of sentence entered on June 1, 2021, as made final by the denial of Appellant's post-sentence motion on October 9, 2021.  We affirm.

On April 10, 2013, a jury found Appellant guilty of a number of crimes, including:  possession of a controlled substance with the intent to deliver ("PWID"), dealing in proceeds of unlawful activities, corrupt organizations, criminal use of a communication facility, and conspiracy.[1]  On June 14, 2013, the trial court sentenced Appellant to serve an aggregate term of 36 to 72 years in prison for his convictions.  We affirmed Appellant's judgment of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. §§ 5111(a)(1), 911(b)(3), 7512(a), and 903, respectively.

sentence on February 9, 2015 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 23, 2015. ***See Commonwealth v. Piner***, 120 A.3d 374 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 124 A.3d 309 (Pa. 2015).

On February 22, 2016, Appellant filed a timely petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel to represent Appellant during the proceedings and counsel filed an amended petition on Appellant's behalf. The amended petition raised numerous claims for relief, including claims that: 1) "trial counsel was ineffective in that he failed to properly present, argue, and preserve for [appellate] review the argument that the Blair County District Attorney's Office should not have been involved in [Appellant's] prosecution, in that it had a conflict of interest in prosecuting [Appellant]" and 2) Appellant's sentence was illegal, as he was sentenced under certain mandatory minimum sentencing statutes that the United States Supreme Court had declared unconstitutional in ***Alleyne v. United States***, 570 U.S. 99 (2013). ***See*** Amended PCRA Petition, 5/1/19, at 1-4.

On May 20, 2020, the PCRA court granted, in part, and denied, in part, Appellant's PCRA petition. Specifically, the PCRA court granted Appellant relief on his illegal sentencing claim and, thus, vacated Appellant's sentence and scheduled the matter for resentencing. ***See*** PCRA Court Order, 5/20/20, at 1. The PCRA court did so because: Appellant was sentenced under certain mandatory minimum sentencing statutes that the United States Supreme

Court had declared unconstitutional in *Alleyne*; Appellant's judgment of sentence was not final at the time *Alleyne* was decided; and, Appellant filed a timely PCRA petition where he challenged the legality of his sentence. *See* PCRA Court Order, 5/20/20, at 1; *see also Commonwealth v. DiMatteo*, 177 A.3d 182, 192 (Pa. 2018) (holding: where a petitioner's "sentence was rendered illegal before his judgment of sentence became final and he presented his claim in a timely petition for post conviction relief, he is entitled to have his illegal sentence remedied"). However, the PCRA court denied Appellant relief on his remaining claims, including Appellant's claim that his trial counsel was ineffective for failing to argue that "the Blair County District Attorney's Office should not have been involved in [Appellant's] prosecution, in that it had a conflict of interest in prosecuting [Appellant]." *See* PCRA Court Order, 5/20/20, at 1. Appellant did not file a notice of appeal from the PCRA court's order. *See Commonwealth v. Watley*, 153 A.3d 1034, 1039 n.3 (Pa. Super. 2016) (holding: an order granting in part and denying in part all issues raised in a PCRA petition is a final order for purposes of appeal); *Commonwealth v. Grove*, 170 A.3d 1127, 1138 (Pa. Super. 2017) ("the PCRA court's order granting relief with regard to sentencing and denying all other claims [is] a final appealable order").

On June 1, 2021, the trial court resentenced Appellant to serve an aggregate term of 18 to 36 years in prison for his convictions. After Appellant's timely post-sentence motion was denied by operation of law,

Appellant filed a timely notice of appeal from his judgment of sentence. Appellant raises one claim on appeal:

> Whether the trial court erred in denying Appellant's [PCRA petition,] averring that his trial counsel was ineffective in failing to object to the Blair County District Attorney's Office assisting in his prosecution when it had a conflict of interest in prosecuting [Appellant]?

Appellant's Brief at 4.

The action at bar is Appellant's direct appeal from his judgment of sentence, following resentencing. Notwithstanding this fact, Appellant's claim of error on appeal relates solely to the partial denial of his earlier PCRA petition. However, the PCRA court's May 20, 2020 order – which granted, in part, and denied, in part, Appellant's PCRA petition (and, specifically, denied Appellant relief on his claim that his trial counsel was ineffective for "failing to object to the Blair County District Attorney's Office assisting in his prosecution when it had a conflict of interest in prosecuting [Appellant]") – was final when entered. **See Grove**, 170 A.3d at 1138 ("the PCRA court's order granting relief with regard to sentencing and denying all other claims [is] a final appealable order"). Thus, Appellant had until June 19, 2020 to file a notice of appeal pertaining to the PCRA court's May 20, 2020 order, where he could have raised the issue he currently brings before this Court. **See id.** Appellant did not do so – and, on this direct appeal from his judgment of sentence, Appellant cannot now challenge the denial of an ineffective assistance of counsel claim that was only contained in Appellant's earlier PCRA petition. **See Commonwealth v. Fantauzzi**, 275 A.3d 986, 991 n.12 (Pa. Super.

2022) ("[a] PCRA court's order granting a new sentencing proceeding ends the collateral proceedings, and the new sentencing proceeding is a trial court function not a function of the collateral proceedings"); *cf. Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008) ("a successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only"); *Commonwealth v. Williams*, 151 A.3d 621, 625 (Pa. Super. 2016) (holding: where a defendant's first direct appeal resulted in a remand for the limited purpose of resentencing, the defendant "is barred from raising any issues other than a challenge to the sentence imposed on remand" in the direct appeal from the resentencing); *Commonwealth v. Anderson*, 801 A.2d 1264 (Pa. Super. 2002) (where the defendant succeeded on his illegal sentencing claim in an earlier direct appeal, the defendant was not permitted to challenge his convictions in the direct appeal following resentencing; at that time, "the only issues reviewable in a direct appeal would be challenges to the sentence imposed following remand").[2]

_____

[2] We also note that, after Appellant filed his notice of appeal in this case, Pennsylvania Rule of Appellate Procedure 341 was amended to add a new subsection dealing expressly with the finality of PCRA orders. Rule 341(f) now declares:

**(f) Post Conviction Relief Act orders.**

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2023

_____

(1) An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal.

(2) An order granting sentencing relief, but denying, dismissing, or otherwise disposing of all other claims within a petition for post-conviction collateral relief, shall constitute a final order for purposes of appeal.

Pa.R.A.P. 341(f) (effective July 1, 2021).

New Rule 341(f) codified the holdings of **Watley** and **Grove** and, thus, provides further support for affirming the PCRA court's order in this case. **Watley**, 153 A.3d at 1039 n.3 (holding:  an order granting in part and denying in part all issues raised in a PCRA petition is a final order for purposes of appeal); **Grove**, 170 A.3d at 1138 ("the PCRA court's order granting relief with regard to sentencing and denying all other claims [is] a final appealable order"); **see also** Pa.R.A.P. 341 Note ("*Paragraph (f)--Post Conviction Relief Act Orders*--A failure to timely file an appeal pursuant to paragraph (f)(2) shall constitute a waiver of all objections to such an order").