J-M06001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY W. ISADORE | : | |
| | : | |
| Petitioner | : | No. 79 WDM 2024 |

Appeal from the Order Entered October 18, 2024,
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000560-2021

JUDGMENT ORDER PER CURIAM:          **FILED:  November 15, 2024**

Petitioner, Terry Wayne Isadore, files an "Emergency Petition for Review of Bail Order under Pa.R.A.P. 123 and P[a].R.A.P. Rule 1762(b),"[1] following the imposition of a sixty-day flat sentence imposed by the trial court, which sentence was imposed after this Court remanded for correction of an illegal sentence.  ***See Commonwealth v. Isadore***, 307 A.3d 677 (Pa. Super. Oct. 23, 2023) (unpublished memorandum) ("***Isadore I***").  Following directives

---

[1] Pursuant to Pa.R.A.P. 1762(b), orders relating to bail when no appeal is pending are subject to review under Chapter 16 of the Rules of Appellate Procedure.  Such bail applications are to be filed as petitions for specialized review under Pa.R.A.P. 1610.  We will regard the instant petition as a petition for specialized review under Pa.R.A.P. 1610.  We observe that, in light of our Supreme Court's decision in ***In the Interest of N.E.M.***, 311 A.3d 1088 (Pa. 2024), wherein the Court held that this Court "lacks discretion to decide whether to grant or deny these petitions for specialized review," review of the merits of the instant Petition is now mandatory.  ***Id***. at 1101.  Although ***N.E.M.*** addressed Rule 1612 petitions for specialized review relating to juvenile out-of-home placement, its rationale is equally applicable to Rule 1610 petitions for specialized review of bail.

by this Court, the trial court filed its statement of reasons[2] for denying bail and the Commonwealth filed its response. We vacate the order and remand for further proceedings.

Briefly, the relevant procedural history is as follows. In **Isadore I**, this Court vacated Petitioner's original forty-five to ninety-day sentence, deeming it illegal because 75 Pa.C.S. § 1543(b)(1)(i) mandated that imprisonment be "for a period of not less than 60 days nor more than 90 days." Following the Supreme Court of Pennsylvania's denial of allowance of appeal, the trial court sentenced Petitioner to a flat term of sixty days' imprisonment. Petitioner signaled his intent to appeal the flat sentence as unconstitutional and illegal, then requested bail. The trial court denied the request for bail. In its subsequent statement of reasons, the trial court concluded that Petitioner had already exercised his right to direct appeal, so he was not entitled to bail again while seeking a "second appeal," citing **Commonwealth v. Dunlavey**, 805 A.2d 562 (Pa. Super. 2002).[3] Petitioner followed with the instant petition.

_____

[2] Although the trial court dated and docketed its statement October 29, 2024, the trial court did not provide this Court with the statement until November 6, 2024.

[3] Although this Court directed the trial court to provide a statement of reasons for denying bail on an expedited basis, no notes of testimony were made available. In light of the necessity for expediency in this specialized appeal, due to Petitioner's short sentence, and because the trial court and Petitioner appear to disagree only on the analysis and correct procedure, but largely agree on the actual procedural history, this Court relies on their recitations of the facts.

Petitioner argues that the trial court erred when it failed to consider his request for bail under the Pa.R.Crim.P. 523 factors. Petitioner suggests that because his sentence was considerably shorter than two years' incarceration, Pa.R.Crim.P. 521(B)(1) entitled him to the same right to bail as before verdict, unless the trial court were to modify bail pursuant to Pa.R.Crim.P. 521(D). Petitioner asserts that the trial court did not conduct meaningful review of his bail status. We agree.

The trial court's reliance on **Dunlavey** is misplaced. In **Dunlavey**, this Court held that the appellant's entitlement to bail expired after the Supreme Court of Pennsylvania, on direct appeal, denied the petition for allowance of appeal. Quoting the Comment to Pa.R.Crim.P. 534(b), the **Dunlavey** Court held, "The intent of this rule is to continue the validity of the bail bond through all avenues of direct appeal in the state courts, but to exclude state post-conviction collateral proceedings." **Dunlavey**, **supra** at 565 (quoting Pa.R.Crim.P. 534, comment). Importantly, however, **Dunlavey** involved a procedural history where this Court **affirmed** the original judgment of sentence, and the Supreme Court subsequently denied allowance of appeal.[4] In the instant case, this Court vacated Petitioner's judgment of sentence, the Supreme Court denied allowance of appeal, and thereafter the trial court imposed a new sentence. Petitioner's newly modified judgment of sentence

---

[4] The trial court, a few years later, modified the sentence to facilitate the appellant's medical treatment. The bail request at issue was made pending the Commonwealth's appeal of this modified sentence.

after remand has not been subjected to finalization through the direct appeal process, and he is entitled to an appeal of his new sentence. *Cf. Commonwealth v. Cook*, 175 A.3d 345, 350 (Pa. Super. 2017) (forbidding appellant only from litigating claims that fell outside scope of remand after resentencing to correct illegal sentence); *Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super 2002) (limiting scope of direct appeal, following remand, to only challenges related to newly imposed sentence).

The trial court does not appear to have otherwise analyzed any of the bail factors enumerated in Pa.R.Crim.P. 523 in denying Petitioner's request for bail. Because Petitioner may be entitled to bail pursuant to Pa.R.Crim.P. 521(B)(1), or 521 (D) the trial court's order denying bail is vacated, and the above-captioned matter is remanded for further proceedings in the trial court.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/15/2024

- 4 -