J-S34007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRENTON KNIGHT | : | |
| | : | |
| Appellant | : | No. 879 WDA 2018 |

Appeal from the Judgment of Sentence April 13, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009767-2015

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 04, 2019**

Appellant, Trenton Knight, appeals from the April 13, 2018 Judgment of Sentence for his conviction of Persons Not to Possess a Firearm entered after this Court remanded the case for resentencing. On appeal, he challenges the sufficiency and weight of evidence, and the discretionary aspects of his sentence. After careful review, we affirm.

We glean the following factual and procedural history from this Court's December 27, 2017 unpublished memorandum and the certified record. On April 21, 2016, following a bench trial, the trial court found Appellant guilty of Voluntary Manslaughter and Persons Not to Possess a Firearm.[1] On July 19, 2016, the court sentenced Appellant to a term of ten to twenty years' incarceration for his Voluntary Manslaughter conviction, and a concurrent term

_____

[1] 18 Pa.C.S. § 2503(a)(1) and 18 Pa.C.S. § 6105(a)(1), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

of five to ten years' incarceration for his Persons Not to Possess a Firearm conviction. Appellant filed a Post-Sentence Motion, challenging, *inter alia*, the sufficiency and the weight of the evidence underlying his Voluntary Manslaughter conviction. The trial court denied his Post-Sentence Motion. On appeal, this Court found that, even viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the Commonwealth had not proven beyond a reasonable doubt that Appellant did not act in justifiable self-defense. **Commonwealth v. Knight**, No. 1428 WDA 2016, unpublished memorandum at 12 (Pa. Super. filed December 27, 2017). Therefore, we vacated Appellant's Voluntary Manslaughter conviction and remanded the case for resentencing on the remaining Persons Not to Possess a Firearm conviction. **Id.**

On April 10, 2018, Appellant filed a Notice of Presentation of Motion for Extraordinary Relief Prior to Sentence pursuant to Pa. Rule of Criminal Procedure 704(b), challenging the sufficiency of evidence underlying his Persons Not to Possess a Firearm conviction and requesting a hearing prior to resentencing. During Appellant's April 13, 2018 resentencing hearing, the trial court heard argument related to Appellant's resentencing as well as his Motion for Extraordinary Relief. The court denied the Motion and resentenced Appellant to a standard range sentence of five to ten years' incarceration for

his Persons Not to Possess a Firearm conviction.[2] Appellant filed a Post-Sentence Motion, which the court denied.

Appellant appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review:

1. Did the [t]rial [c]ourt err in convicting [Appellant] as a Person Not to Possess based upon evidence that was insufficient as a matter of law?

2. Did the [t]rial [c]ourt err in its determination of guilt when no credible evidence was presented as to [Appellant] being in possession of a firearm prior to his using it for self-defense and/or that he possessed it for longer than necessary to effectuate his escape?

3. Did the [t]rial [c]ourt abuse its discretion in sentencing [Appellant] to a period of incarceration of not less than 5 nor more than 10 years of incarceration when[:]

   a. [i]t ignored [Appellant's] lawful use of self-defense[;]

   b. [i]t considered victim impact statements despite the charge of Person Not to Possess having no victim[; a]nd[]

   c. [i]t failed to account for [Appellant's] rehabilitative needs nor established why a statutory maximum penalty was necessary in this case?

Statement of Questions Involved, Appellant's Br. at 5.

Appellant's first two issues challenge the weight and sufficiency of the evidence in support of his Persons Not to Possess a Firearm conviction. *Id.* at 15-22. These issues warrant no review.

---

[2] Based upon Appellant's prior record score, the standard range sentence was also the statutory maximum.

An appellant is limited in the issues he can raise in an appeal challenging a disposition rendered after a remand for resentencing. *Commonwealth v. Williams*, 151 A.3d 621, 625 (Pa. Super. 2016). Where an appellant has already had the benefit of a direct appeal, which resulted in remand for resentencing, he is barred from raising any issues other than a challenge to the sentence imposed on remand. *Id.* (citing *Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. 2002). *Cf. Commonwealth v. Sepulveda*, 144 A.3d 1270, 1280 n.19 (Pa. 2016) ("[W]here a case is remanded for a specific and limited purpose, issues not encompassed within the remand order may not be decided on remand as a remand does not permit a litigant a proverbial second bite at the apple.") (internal quotation marks and citation omitted)). Any issues that should have been raised in the initial direct appeal are waived. *Williams*, 151 A.3d at 625.

In his initial direct appeal, Appellant challenged only his Voluntary Manslaughter conviction, which resulted in this Court's vacating his Voluntary Manslaughter conviction. Because the vacatur upset the sentencing scheme, we remanded only for resentencing on the firearms conviction. Thus, in this appeal, he can challenge only the sentence imposed on remand. Because Appellant could have challenged his firearms conviction in his first appeal but did not do so, his challenges to the sufficiency and weight of evidence

supporting his Persons Not to Possess a Firearm conviction are waived.[3] **See**

**Williams**, 151 A.3d at 625; **Anderson**, 801 A.2d at 1266.

Appellant's third issue challenges the discretionary aspects of his sentence. He avers that the trial court abused its discretion in resentencing him to the statutory maximum sentence because it improperly considered victim impact statements and failed to consider mitigating factors, including his use of the firearm for self-defense and his rehabilitation. Appellant's Br. at 22-27.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. **Commonwealth v. Hunter**, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006).

---

[3] At resentencing, Appellant's counsel acknowledged that the challenge to the sufficiency and weight of evidence supporting his possession conviction may be waived, but he requested the court allow him to raise the issue at the resentencing hearing "in the interest of judicial economy." N.T. Resentencing, 4/13/18, at 11.

Additionally, to preserve a challenge to the discretionary aspects of his sentence, a defendant must raise the arguments supporting the challenge at sentencing or in a post-sentence motion. ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004); ***see Commonwealth v. Tejada***, 107 A.3d 788, 798-99 (Pa. Super. 2015) (noting that the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion); Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). The Pennsylvania Rules of Criminal Procedure specifically caution defendants that, when filing Post-Sentence Motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). ***See also Commonwealth v. Mann***, 820 A.2d 788, 793-94 (Pa. Super. 2003) (holding that defendant waived discretionary aspects of sentencing claim regarding sentencing court's failure to state the reasons for his sentence on the record where defendant filed a post-sentence motion, but only argued that his sentence was unduly severe and the trial court abused its discretion under the sentencing code).

Appellant met the first of the four elements of the discretionary aspects review by filing a timely Notice of Appeal. However, he only raised, and thus preserved, one of these challenges to the sentence at sentencing and in his post-sentence motion. Therefore, Appellant failed to preserve two of his challenges. In particular, Appellant failed to assert at sentencing or in his Post-

Sentence Motion, that the trial court improperly considered victim impact statements or failed to consider his rehabilitative needs. Instead, Appellant merely argued that the court should "reconsider its sentence . . . and sentence [Appellant] to a mitigated range sentence or below due to the fact that the Superior Court [] found . . . that [Appellant's] conduct was justified self-defense." Post Sentence Motion at 3-4, filed 4/23/18. Thus, Appellant deprived the resentencing court of an opportunity to reconsider or modify his sentence on these bases, that the trial court improperly considered victim impact statements or failed to consider his rehabilitative needs. Accordingly, these claims are waived. **Mann**, 920 A.2d at 793-94.

However, Appellant properly preserved his claim that the resentencing court failed to consider his use of the firearm for self-defense as a mitigating factor, by preserving the issue in a post-sentence motion and including a Statement pursuant to Pa.R.A.P. 2119(f). Thus, we proceed to address whether this sentencing challenge raises a substantial question for our review.

Whether a substantial question has been raised regarding discretionary sentencing is determined on a case-by-case basis. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation and quotation omitted).

The trial court imposed a standard range sentence. Appellant, however, avers that the trial court should have imposed a mitigated range sentence because his use of a firearm was for self-defense and his possession of a firearm was, at most, minimal. Appellant's Br. at 22-23.

Claims that the sentencing court did not adequately consider mitigating factors generally do not raise a substantial question. *See Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013). Additionally, we have held that the court's refusal to weigh mitigating factors as an appellant wished, absent more, does not raise a substantial question. *Moury*, 992 A.2d at 175; *see also Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question").

Appellant's claim amounts to no more than a bald allegation that the court abused its discretion in failing to consider mitigating factors as he wished. Pursuant to the above case law, Appellant has failed to raise a substantial question.[4] His challenge to the discretionary aspects of his sentence, thus, fails.

_____

[4] The trial court considered the legal justification of possessing a firearm for self-defense, as well as Appellant's presentence investigation report, prior record score, and sentencing guidelines. Trial Ct. Op., filed 12/4/18, at 6. Additionally, the court sentenced Appellant within the standard range of the sentencing guidelines. *Id.* at 6-7. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171. Thus, even if his

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/04/2019

---

argument raised a substantial question, there is no merit to Appellant's challenge.