J-S61044-19
J-S61045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRYL JONES | : | |
| | : | |
| Appellant | : | No. 139 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 1, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0016321-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRYL JONES | : | |
| | : | |
| Appellant | : | No. 140 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 1, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-001994-2009

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 11, 2020**

Darryl Jones appeals *nunc pro tunc* from his November 1, 2016 judgment of sentence of twenty-five to fifty years of incarceration, followed by forty-eight years of probation, imposed in the above-captioned cases. We affirm.

This Court previously summarized the facts of these cases as follows:

* Former Justice specially assigned to the Superior Court.

At approximately 6:30 p.m. on November 2, 2008, Appellant committed an armed robbery of Patricia Cassidy and her boyfriend, Chris Gaglione, taking both victims' wallets. Several hours later, at around 10:35 p.m., Appellant committed another armed robbery of brothers Christian and Michael Pekula, taking both men's wallets and Christian's cell phone. After the robbery, Christian Pekula called the police and provided a description of Appellant.

Around midnight, two Philadelphia Police Officers, who were patrolling in the area, spotted Appellant and believed he matched the description of the armed robber. As the officers drove their marked police car past Appellant, one of the officers observed Appellant discard something that "appeared to be a firearm." The officers stopped and exited their vehicle, and as one officer went to secure the weapon, the other officer approached Appellant and asked for identification. Appellant pulled out a wallet and the officer "noticed a bunch of IDs for white males." Appellant, a black man, could not explain why he had identification cards for white males.

At that point, the officer "went to secure Appellant for the investigation, because of the firearm on the ground and the IDs," and Appellant "began swinging at the officer." Both officers ultimately forced Appellant to the ground and placed him under arrest. Shortly thereafter, Christian Pekula was brought to the scene of Appellant's arrest and Pekula immediately identified Appellant as the man who had robbed him. Due to cuts on Appellant's face that he sustained when he resisted arrest, he was transported to the hospital, where Patricia Cassidy also positively identified Appellant. Additionally, at trial, Christian Pekula, Patricia Cassidy, and Chris Gaglione all identified Appellant as the individual who robbed them at gunpoint.

On September 29, 2011, at the close of his jury trial, Appellant was convicted of, *inter alia*, four counts of robbery, one count of unlawful possession of a firearm, and one count of possessing an instrument of crime. On July 20, 2012, Appellant was sentenced to an aggregate term of 25 to 50 years' incarceration, which included three mandatory minimum terms of 5 years' incarceration pursuant to 42 Pa.C.S. § 9712 (Sentences for offenses committed with firearms). The court also imposed an aggregate term of 53 years' probation, to be served consecutively to Appellant's sentence of incarceration.

*Commonwealth v. Jones*, 144 A.3d 187 (Pa.Super. 2016) (unpublished memorandum at 1-3) (cleaned up).

Appellant proceeded *pro se* on appeal to this Court after we remanded to the trial court for a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). Several additional remands were necessary, delaying this Court's consideration of Appellant's issues. Ultimately, we affirmed Appellant's convictions, finding his challenges thereto meritless or waived. However, we vacated his sentences as illegal under *Alleyne v. United States*, 570 U.S. 99 (2013), and its progeny, and remanded for resentencing without consideration of any mandatory minimum sentences. *See Jones*, *supra* (unpublished memorandum at 12-13).

On November 1, 2016, Appellant was resentenced as indicated above. After no new appeal was filed from that judgment of sentence, Appellant obtained reinstatement of his direct appeal rights through the Post Conviction Relief Act ("PCRA"), with the assistance of counsel. Specifically, the PCRA court entered an order dated December 12, 2018, providing that Appellant's motion to reinstate his appeal rights was granted.

On December 14, 2018, Appellant filed a notice of appeal purporting to appeal from the "judgment" entered on December 12, 2018. As Appellant was not aggrieved by the PCRA court's December 12, 2018 order, this Court issueda rule to show cause why the appeal should not be quashed. Appellant responded that reference to the PCRA order was in error, and that he intended

to appeal *nunc pro tunc* from his November 1, 2016 judgment of sentence. On February 6, 2019, Appellant also attempted to rectify the error by filing new notices of appeal indicating that he was appealing from his 2016 judgment of sentence.[1]

This Court, by *per curiam* order of February 21, 2019, amended the captions of these appeals to reflect that Appellant's initial notices of appeal were from his November 1, 2016 judgment of sentence rather than the 2018 PCRA order. The order also indicated that the amended notices of appeal were untimely and filed without this Court's leave, and referred these issues to this panel for resolution. Accordingly, before considering the substance of these appeals, we must determine whether we have jurisdiction to do so.

We conclude that although Appellant's designation of the wrong date for the appealed-from judgment may have rendered the notice of appeal defective, it did not affect the validity of the appeals. **See** Pa.R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal . . . ."); **see also Foster v. Mut. Fire, Marine & Inland Ins. Co.**, 676 A.2d 652, 657 n.5 (Pa. 1996) (declining to quash appeal where notice listed only an order that had been subsequently modified by a different order because the notice was timely and

---

[1] Appellant filed separate notices of appeal at each docket number in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).

it was obvious from the record that the appellant sought review of both orders). Therefore, there is no need to quash these appeals on that basis.[2]

Furthermore, Appellant's February 6, 2019 amended notices of appeal were not untimely. When a direct appeal from a judgment of sentence follows a PCRA court's reinstatement of a defendant's direct appeal rights, the defendant is required to file his *nunc pro tunc* direct appeal "within 30 days of the entry of the order reinstating his direct appeal rights."[3] **Commonwealth v. Wright**, 846 A.2d 730, 735 (Pa.Super. 2004). An order is properly entered upon the docket by indication thereon of "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court

_____

[2] Indeed, this Court regularly amends captions to reflect the properly-appealed-from orders when parties designate incorrect orders in their notices of appeal. **See**, **e.g.**, **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (*en banc*) (correcting caption to reflect appeal from judgment of sentence where the appellant purported to appeal from the order denying his post-sentence motion); **Medlock v. Chilmark Home Inspections, LLC**, 195 A.3d 277, 279 n.1 (Pa.Super. 2018) (correcting caption to denote an appeal from judgment entered on the verdict although the appellants appealed from the order denying their post-trial motions); **In Interest of N.C.**, 171 A.3d 275, 278 (Pa.Super. 2017) (altering the caption to signify an appeal from the dispositional order despite appellant's designation of the order denying the post-dispositional motion as the order from which he appealed).

[3] Additionally, the PCRA court must inform the defendant that the *nunc pro tunc* direct appeal must be filed within thirty days of the entry of the PCRA order reinstating his rights. **Commonwealth v. Wright**, 846 A.2d 730, 735 (Pa.Super. 2004). This Court will not quash an appeal as untimely if the PCRA court failed to provide that information. **See id**. at 735-36. The written order at issue in this appeal includes no information about the time limits for doing so. However, the PCRA court orally informed Appellant of the thirty-day time frame on the record. **See** N.T. PCRA Hearing, 12/12/18, at 5.

notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2).

The PCRA court's December 12, 2018 order in the instant case has not been properly entered on the docket. The entry for the order contains no notation of the date upon which such service was made in accordance with the mandates of Pa.R.Crim.P. 114(C)(2). As such, the thirty-day time period for Appellant to file his *nunc pro tunc* direct appeal from his November 1, 2016 judgment of sentence has not yet begun to run. While we could quash these appeals as interlocutory, we instead exercise our discretion to treat as done that which ought to have been done and proceed to the merits of the appeals. ***See***, ***e.g.***, ***Commonwealth v. Carter***, 122 A.3d 388, 391 (Pa.Super. 2015) (opting to treat notices of appeal as timely filed although the appeal period had not started running because the clerk of courts did not note service on the docket).

Appellant presents three issues for our determination:

A.      Did the court below err in imposing virtually the same sentence on remand that had been previously imposed witut [*sic*] consideration of the sentencing factors set forth in 42 Pa.C.S.A[.] [§] 9721?

B.      Did the court below err in imposing a sentence tht [*sic*] was unduly harsh, punitive, excessive nd [*sic*] arbitrary and which, by virtue of being, in effect, a life sentence violate the constitutional prohibition against cruel and unusal punishment as set forth in the Pennsylvana [*sic*] constitution and the Eigth [*sic*] Amendment to the United States constitution?

      C.      Did the court below err in allowing the Appellant to proceed *pro se* in his intial [*sic*] appeal to this court thus creating a situation where it was inevitble [*sic*] that Appellant would file a defective brief in which issues of merit were deemed waived?

Appellant's brief at 7 (unnecessary capitalization omitted).

Appellant's first two issues challenge the discretionary aspects of his sentence. The following well-established principles of law guide our review:

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (internal citations omitted).

While we have concluded that Appellant's amended notices of appeal were timely, he did not preserve his issues at sentencing or in a post-sentence motion, and his brief does not contain a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). Further, the Commonwealth has objected to the absence of a Rule 2119(f) statement. Consequently, we are constrained to hold that Appellant has not preserved his sentencing challenges for our review. ***See***,

*e.g.*, ***Commonwealth v. Taylor***, 137 A.3d 611, 618-19 (Pa.Super. 2016) (*en banc*) ("Appellant failed to raise his discretionary sentencing claim at his sentencing hearing or by way of a post-sentence motion. As such, Appellant did not satisfy the requirements to invoke this Court's jurisdiction and, thus, he waived his discretionary sentencing challenge."); ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa.Super. 2004) ("Because the Appellant failed to comply with Pa.R.A.P. 2119(f) and the Commonwealth objected to the omission, this Court may not review the merits of the claim[.]").

Appellant's remaining claim is that the ***Grazier*** hearing held at this Court's direction during Appellant's first direct appeal was inadequate to demonstrate a knowing, intelligent, and voluntary waiver of his right to counsel, and that he waived several meritorious direct appeal issues the first time around as a result. ***See*** Appellant's brief at 25-27.

The Commonwealth concedes that the ***Grazier*** hearing appears to have been deficient. ***See*** Commonwealth's brief at 16. However, it notes that the issue is not properly raised in this appeal because it is beyond the scope of the resentencing that resulted from Appellant's first direct appeal. ***See id***. at 16-17. Appellant himself concedes that his challenge to the adequacy of the ***Grazier*** hearing is beyond the scope of this appeal. ***See*** Appellant's brief at 28.

We agree that the voluntariness of Appellant's waiver of his right to counsel in his first direct appeal is not properly at issue in this appeal. This

Court has repeatedly held that a defendant whose first direct appeal resulted in remand for the limited purpose of resentencing "is barred from raising any issues other than a challenge to the sentence imposed on remand" in the second direct appeal. ***Commonwealth v. Williams***, 151 A.3d 621, 625 (Pa.Super. 2016). ***See also Commonwealth v. Cook***, 175 A.3d 345, 350 (Pa.Super. 2017) (holding that the appellant could not, "following remand for the limited purpose of correcting an illegal sentence, litigate claims that fall outside the scope of the remand"). Rather, Appellant's "only avenue for relief" on this claim is "a collateral attack pursuant to the PCRA."[4] ***Commonwealth v. Anderson***, 801 A.2d 1264, 1266 (Pa.Super. 2002).

As Appellant has preserved no claim that warrants disturbing his judgment of sentence, we affirm.

Judgment of sentence affirmed.

Judge Olson joins the memorandum.

_____

[4] Appellant did challenge the adequacy of the ***Grazier*** hearing in his October 11, 2018 PCRA petition under the guise of ineffective assistance of counsel. ***See*** Amended PCRA Petition, 10/11/18, at ¶ 7(e). However, upon determining that Appellant was entitled to reinstatement of his direct appeal rights, the PCRA court properly declined to reach the merits of the remaining PCRA claims. ***See***, ***e.g.***, ***Commonwealth v. Miller***, 868 A.2d 578, 580 (Pa.Super. 2005) ("When a PCRA court grants a request for reinstatement of direct appeal rights *nunc pro tunc*, it may address, but not "reach" the merits of any remaining claims."). Therefore, Appellant is free to re-raise the issue pursuant to the PCRA after his judgment of sentence is final. Based upon the Commonwealth's representations in its brief, we would expect that it would not contest the cognizability of the claim under the PCRA. ***See*** Commonwealth's brief at 17 (opining that the ***Grazier*** deficiency is "most likely cognizable" under the PCRA).

- 9 -

President Judge Emeritus Stevens files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/20