J-A14028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY JAMES NAU | : | |
| | : | |
| Appellant | : | No. 1325 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 2, 2020
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000538-2016

BEFORE: MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.: **FILED: July 16, 2021**

Appellant, Gary James Nau, appeals from the judgment of sentence entered in the Jefferson County Court of Common Pleas, following his negotiated guilty plea to fourteen (14) counts of burglary[1] and related offenses. We affirm.

The relevant facts and procedural history of this appeal are as follows:

> In April 2017, [Appellant] entered a negotiated guilty plea to 14 counts of Burglary and one count each of Corrupt Organizations, Dealing in Proceeds of Unlawful Activities, Conspiracy to commit Corrupt Organizations, Conspiracy to commit Burglary, Attempted Burglary, and Theft by Unlawful Taking or Disposition. The plea agreement provided for an aggregate sentence of nine to 25 years, but gave the court discretion in the structuring of the sentence. The trial court imposed concurrent terms of three to 10 years' incarceration for all counts of Burglary, Conspiracy, and Attempted Burglary; concurrent terms of eight to 20

---

[1] 18 Pa.C.S.A. § 3502(a)(4).

years' incarceration for Corrupt Organizations, Dealing in Proceeds of Unlawful Activities, and Conspiracy to commit Corrupt Organizations; and a consecutive term of one to five years' incarceration for Theft by Unlawful Taking. [Appellant's] aggregate sentence was nine to 25 years' incarceration. The court also imposed restitution. [Appellant] did not file a direct appeal.

In March 2018, [Appellant] filed [a] timely PCRA petition raising claims of ineffective assistance of counsel. He filed an amended PCRA petition in September 2018 and the PCRA court appointed counsel. Following a hearing, the PCRA court denied [Appellant's] petition. In September 2019, [Appellant] filed a motion to Reinstate Appellate Rights *Nunc Pro Tunc*, which the PCRA court granted.

*Commonwealth v. Nau*, No. 1528 WDA 2019, unpublished memorandum at 1-2 (Pa.Super. filed October 14, 2020) (internal footnote omitted).

On October 14, 2020, this Court affirmed in part, reversed in part, and remanded for further proceedings. Specifically, this Court determined that the theft conviction should have merged with the burglary convictions for sentencing. *See id.* at 5-6. Consequently, we reversed the PCRA court's denial of relief and remanded with instructions for the court "to vacate the consecutive sentence of one to five years' incarceration for [Appellant's] theft conviction. The court shall restructure the sentence upon resentencing to give effect to the plea agreement." *Id.* at 6.

On December 2, 2020, the trial court vacated Appellant's sentences for theft and one count of burglary, noting that the offenses merged for

sentencing.[2]  The court resentenced Appellant to one (1) to five (5) years' imprisonment for the burglary count, consecutive to the sentence previously imposed for Appellant's corrupt organizations conviction.  The court emphasized that this sentence maintained the "bargained-for" structure of the plea agreement.  (N.T. Resentencing Hearing at 6).

Appellant did not file post-sentence motions.  Instead, Appellant timely filed a notice of appeal on December 9, 2020.  On December 10, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Appellant timely filed his Rule 1925(b) statement on December 22, 2020.

Appellant now raises the following three issues for our review:

> Did the [c]ourt abuse its discretion and commit reversible error in failing to properly merge the sentences of burglary and theft; counts 19 and 20 of the original sentencing orders?

> Did the [c]ourt abuse its discretion and commit reversible error in failing to vacate the sentences of corrupt organizations, conspiracy to [commit] corrupt organizations, and dealing proceeds since the facts failed to support those crimes?

> Did the [c]ourt abuse its discretion and commit reversible error in failing to determine whether or not the restitution awarded could be paid without creating a significant burden on an already indigent person?

---

[2] At the resentencing hearing and in its resentencing orders, the court referred to the theft offense as "count 20" and the burglary offense as "count 19." (*See* N.T. Resentencing Hearing, 12/2/20, at 5-7).

(Appellant's Brief at 4).

In his first issue, Appellant complains that the court impermissibly altered the original sentencing scheme by running the new burglary sentence consecutive to the sentences for the remaining counts. Appellant asserts that the court's decision to impose a consecutive sentence, albeit for the purpose of staying faithful to the terms of the plea agreement, appears vindictive. Appellant concludes this Court must again remand his case for the court to impose the new burglary sentence concurrent with the sentences for his other convictions. As presented, Appellant's challenge implicates the discretionary aspects of sentencing. *See Commonwealth v. Watson*, 228 A.3d 928, 934 (Pa.Super. 2020) (explaining claim of judicial vindictiveness constitutes challenge to discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal*

*denied*, 589 Pa. 727, 909 A.2d 303 (2006). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*) (quoting ***Commonwealth v. Kittrell***, 19 A.3d 532, 538 (Pa.Super. 2011)).

Instantly, Appellant did not file a post-sentence motion preserving his issue in the trial court, and he did not raise his vindictiveness claim at the sentencing hearing.[3] Further, Appellant's brief fails to set forth a separate concise statement demonstrating that there is a substantial question, pursuant to Rule 2119(f). Thus, Appellant's first issue is waived. ***See Cartrette, supra***; ***Evans, supra***.

In his second issue, Appellant claims that the record does not support his convictions for corrupt organizations, conspiracy to commit corrupt organizations, and dealing in unlawful proceeds. Nevertheless, "where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed." ***Commonwealth v. Lawson***, 789 A.2d 252, 253

---

[3] Following the imposition of the new sentence, Appellant stated, "I don't think that's proper or correct, sir." (N.T. Resentencing Hearing at 7). Appellant and his counsel did not make any further attack on the sentence at that time, and the hearing ended. Absent a more specific claim regarding why the sentence was improper, we cannot say that Appellant preserved his judicial vindictiveness argument at the resentencing hearing.

(Pa.Super. 2001). *See also Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa.Super. 2002) (reiterating that, "having been re-sentenced following remand, appellant could not file another direct appeal attacking his conviction: the only issues reviewable in a direct appeal would be challenges to the sentence imposed following remand"). Here, Appellant's attack on the validity of his convictions exceeds the scope of this Court's prior remand for resentencing. As such, we do not address Appellant's second claim. *See id*.

In his third issue, Appellant claims that the sentencing court awarded restitution without considering his ability to pay. Appellant asserts that the court committed reversible error by failing to determine whether the restitution award would place a significant burden on Appellant, who is indigent. Appellant concludes that we must remand the matter for the trial court to make an ability-to-pay determination. We disagree.

"A challenge to the trial court's authority to impose a sentence of restitution based on its finding that the restitution was a direct result of the criminal conduct is a challenge to the legality of the sentence. Therefore, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Risoldi*, 238 A.3d 434, 460 n.23 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 244 A.3d 1230 (2021) (internal citations omitted). In criminal proceedings, restitution is a sentence and not merely an award of damages. *Commonwealth v. McCabe*, 230 A.3d 1199 (Pa.Super. 2020), *appeal granted on other grounds*, ___ Pa. ___, 238 A.3d 330 (2020).

"Section 1106 of the Crimes Code specifies that restitution is **mandatory** and the defendant's financial resources, *i.e.*, his ability to pay, is irrelevant unless and until he defaults on the restitution order." ***Id.*** at 1208 (emphasis in original).

Instantly, the court was not obligated to consider Appellant's ability to pay restitution at the time of sentencing. ***See id***. Further, there is no evidence of record indicating that Appellant is in immediate peril of defaulting on the restitution at issue. Therefore, Appellant is not entitled to relief on his third issue. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/16/2021